IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| v. | Case No. 23-CR-217-GKF-6 |
| **MARCUS CORY SCOTT,** | |
| **Defendant.** | |

## Motion for Detention

The United States moves for pretrial detention of Defendant, pursuant to 18 U.S.C. § 3142(e) and (f).

1. **Eligibility of Case.** This case is eligible for a detention order because this case involves a (check all that apply):

    ☐ Crime of violence (18 U.S.C. § 3156).

    ☐ Crime of Terrorism (18 U.S.C. § 2332b (g)(5)(B)) with a maximum sentence of ten years or more.

    ☐ Crime with a maximum sentence of life imprisonment or death.

    ☐ Drug offense with a maximum sentence of ten years or more.

    ☐ Felony offense and Defendant has two prior convictions in the four categories listed above, or two State convictions that would otherwise fall within those four categories if federal jurisdiction had existed.

    ☐ Felony offense involving a minor victim other than a crime of violence.

    ☒ Felony offense, other than a crime of violence, involving possession or use of a firearm, destructive device (as those terms are defined in 18 U.S.C. § 921), or any other dangerous weapon.

    ☐ Felony offense other than a crime of violence that involves a failure to register as a Sex Offender (18 U.S.C. § 2250).

☐ Serious risk Defendant will flee.

☐ Serious risk of obstruction of justice, including intimidation of a prospective witness or juror.

2. **Reason for Detention.** The Court should detain Defendant because there are no conditions of release which will reasonably assure (check one or both):

☒ Defendant's appearance as required.

☒ Safety of any other person and the community.

3. **Rebuttable Presumption.** The United States will invoke the rebuttable presumption against Defendant under § 3142(e). The presumption applies because there is (check all that apply):

☐ Probable cause to believe Defendant committed offense within five years of release following conviction for a qualifying offense committed while on pretrial release.

☐ Probable cause to believe Defendant committed drug offense with a maximum sentence of ten years or more.

☐ Probable cause to believe Defendant committed a violation of one of the following offenses: 18 U.S.C. §§ 924(c), 956 (conspiracy to murder or kidnap), 2332b (act of terrorism), or 2332b(g)(5)(B) (crime of terrorism).

☐ Probable cause to believe Defendant committed, attempted to commit, or benefitted financially from, an offense under: 18 U.S.C. § 1581 (peonage); 18 U.S.C. § 1583 (enticement into slavery); 18 U.S.C. § 1584 (sale into involuntary servitude); 18 U.S.C. § 1589 (forced labor); 18 U.S.C. § 1590 (human trafficking); or 18 U.S.C. § 1591 (sex trafficking) with a maximum sentence of twenty years or more.

☐ Probable cause to believe Defendant committed an offense involving a victim under the age of 18 under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1) through 2252(a)(3), 2252A(a)(1) through 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

Dated this 18th day of July, 2023.

                                            Respectfully submitted,

                                            CLINTON J. JOHNSON
                                            UNITED STATES ATTORNEY

                                            */s/ Nathan E. Michel*
                                            Nathan E. Michel, KS Bar No. 25068
                                            Assistant United States Attorney
                                            110 West Seventh Street, Suite 300
                                            Tulsa, Oklahoma 74119
                                            (918) 382-2700